IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ERIC M. NEGRIN, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :    Case No.: 7:22-CV-136 (WLS-TQL) |
| | : |
| WARDEN MYERS, *et al.*, | : |
| | : |
|     Defendants. | : |
| _____ | : |

**ORDER**

Before the Court is an "Order and Recommendation of Dismissal" filed by United States Magistrate Judge Thomas Q. Langstaff on February 27, 2023. (Doc. 5.) Therein, Judge Langstaff recommends that Plaintiff's Complaint (Doc. 1) be dismissed without prejudice. (*Id.*) The Recommendation is in favor of dismissal as Plaintiff failed to disclose his extensive litigation history, constituting an abuse of judicial process, and Plaintiff's Complaint (Doc. 1) also fails to state a claim upon which relief may be granted. (Doc. 5 at 17.) The Court also notes for the purposes of the record that Judge Langstaff granted Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) and denied Plaintiff's Motion to Appoint Counsel. (Docs. 4 & 5 at 4.) Plaintiff was also noticed of his right to object to the Recommendation. (Doc. 5 at 17.)

On March 1, 2023, Plaintiff renewed his Motion to Appoint Counsel. (Doc. 6.) In that renewed Motion, Plaintiff once again requests that this Court appoint counsel to represent him in this case, "as well as all other open grievances and/or 1983 42 U.S.C. law suits." (Doc. 6.) In Plaintiff's renewed Motion to Appoint Counsel, Plaintiff does not object to Judge Langstaff's recommendation that Plaintiff's Complaint (Doc. 1) be dismissed for abuse of the judicial process or in the alternative for failure to state a claim upon which relief may be granted. (Docs 6 & 5 at 17.) Given that pro-se filing are to be liberally construed, this Court has reviewed Plaintiff's renewed Motion to Appoint Counsel (Doc. 6) as an objection to Judge Langstaff's decision to deny Plaintiff's Original Motion to Appoint Counsel (Doc. 4.)

As the Recommendation (Doc. 5) correctly notes, "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986.) Rather it is a privilege that is only justified by exceptional circumstances. *Id.* In determining whether legal counsel should be provided, courts consider, among other factors, the merits of Plaintiff's claim and complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989.) In the present case, appointing counsel would be inappropriate, because as the Recommendation correctly notes, Plaintiff's Complaint is subject to dismissal for abuse of the judicial process and failure to state a claim. Accordingly, Plaintiff's Objection to the denial of the Appointment of Counsel, or in the alternative, Renewed Motion to Appoint Counsel (Doc. 6) is **OVERRULED and DENIED.**

Turning next to Judge Langstaff's Recommendation that Plaintiff's Complaint be dismissed for abuse of the judicial process – specifically failure to disclose litigation history – or in the alternative for failure to state a claim. (Doc. 5 at 17.) To date, no objection has been filed as to either of those findings. Therefore, this Court reviews the Recommendation upon the record for clear error, and upon full review and consideration of the record, and finding neither plain error nor manifest injustice in Judge Langstaff's Recommendation, *see United States v. Aponte*, 461 F. App'x 828, 830 n.2 (11th Cir. 2012) this Court finds that the Recommendation (Doc. 5) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**, this 11th day of April 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**